STATE EX REL. J. A. SEXAUER MANUFACTURING COMPANY OF NEW YORK, Petitioner, vs. GRIMM, Circuit Judge, Respondent.

*February 5—March 5, 1935.*

For the petitioner there were briefs by *Arnold, Johnston & Robson* of Beloit, and oral argument by *J. H. Johnston.*

For the respondent there was a brief by *Fiedler & Garrigan,* and oral argument by *George W. Keithley,* all of Beloit.

FOWLER, J.   The relator is a corporation of the state of New York.   In an action in the circuit court of Rock county, brought against H. E. France, the driver of an automobile, to recover damages for injuries received in a collision with another automobile on the ground of alleged negligence of France, the relator was joined with France as a defendant. France was a resident of Rockford, Illinois.   Service was procured upon him as a non-resident motorist pursuant to sec. 85.05 (3), Stats., by filing copies of the summons and complaint in the office of the secretary of state.   Like copies were so filed as and for service upon the relator.   The relator appeared specially before the circuit court, objected to the court's jurisdiction over it, and asked dismissal of the action as to it.   The court overruled the objection and refused to dismiss as to the relator.   The relator thereupon applied to this court for a writ of prohibition, prohibiting the circuit judge from proceeding with the case as against it.   On the argument upon the application it was stipulated that, in the event that the application be granted, the petition for permission to commence the action should be taken as the complaint therein, the respondent should be deemed to have demurred thereto, and the cause should be determined upon the record made on the application.

The relator's petition shows, in addition to the facts above stated, that France is the owner of the automobile he was driving, and that the relator had no interest therein or control thereover; that France is a salesman of plumbing and heating fixtures, specialties, and supplies manufactured or jobbed by the relator; that the relator is not licensed to do

business in this state, and has not appointed the secretary of state as its agent for the purpose of receiving service of process upon it. France's territory covers approximately a half each of Wisconsin, Illinois, and Iowa. He travels as he wishes and by his own preference, by automobile; and without reimbursement pays all expenses incident to the automobile's operation, including that of carrying indemnity insurance thereon, and all of his other traveling expenses. He is paid for his services entirely by commission on his own sales and on orders received from relator's customers within his territory whether induced by him or not. He maps out his own course of tentative travel three weeks ahead, and informs the relator thereof, but the relator exercises no control of his movements, and neither gives directions or makes suggestions concerning them. He is required to report his calls daily, and to remit collections when made, and to mail orders when taken. The relator may reject or accept his orders. He is required to devote all his time exclusively to the selling of the relator's goods. He is referred to in his contract with the relator as the "selling representative" and as the "representative" of the relator. The contract is terminable by either party without notice. On its termination, France is required to return his samples, cases, price lists, order blanks, and the like to the relator, whose property they are.

The relator contends that under the facts above stated France is an "independent contractor" as distinguished from an agent of the relator; and the respondent contends that he is an agent for whose conduct the relator is responsible under the doctrine of *respondeat superior*.

Counsel seem agreed that the most potent factor in determining whether one is an independent contractor or an agent is where the control of the details of the work lies. *Badger Furniture Co. v. Industrial Comm.* 200 Wis. 127, 227 N. W. 288. From the above statement of facts it appears that the

control of the details is in France. The respondent, in opposition to this view, relies on a paragraph of the contract as follows: "All details covering your work are to be under our direction. You are to make sales only upon prices and terms which we shall fix," and urges that it is the *right* to control the details, rather than the exercise of the right as matter of fact, that determines the matter of control, and cites the *Badger Furniture Co. Case, supra,* in support of its contention. This argument loses its force from the fact that the statement as to right of control is made in immediate connection with the control of prices and terms, and should be limited to that, as it clearly appears both from the contract and the course of conduct that it was not intended to cover the details of France's traveling either as to how or where he should travel. The facts of this case make a clearer case of an independent contractor than those in the case of *Kassela v. Hoseth, ante,* p. 115, 258 N. W. 340. Under that case and the authorities cited in the opinion therein we hold that France was not an agent of the relator in respect to the operation of his automobile, but an independent contractor, if he can be considered as a "contractor" in any sense in that regard. The term "independent contractor" is perhaps a misnomer as so applied. It would be more exact to say that no contractual relations whatever existed between France and the relator as to the operation of the automobile. Whether France was a "contractor" or not, his operation of the automobile was entirely "independent" of the relator, and, this being so, the relator is not responsible for his conduct in operating it. As counsel have treated the matter as if France operated his automobile either as an agent of the relator or as an independent contractor, we have treated the question from the same viewpoint, regardless of whether the point of view is correctly taken.

The only ground on which the relator could be made a party through the substituted service provided by sec. 85.05

(3), Stats., is, of course, that France was operating the automobile he was driving as the agent of the relator. That statute is founded on "the use and operation by a nonresident of a motor vehicle over the highways of Wisconsin." As France was not operating the automobile as the agent of the relator, the relator was not using or operating an automobile on the highway. The relator is therefore not within the statute, the attempted service is void, and the circuit court acquired no jurisdiction over the relator.

*By the Court.*—The respondent's demurrer to the petitioner's complaint is overruled and a peremptory writ of prohibition is issued.